(80 South. 547)

No. 22900.

LUDLOW v. YAZOO & M. V. R. CO.

(Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

RAILROADS ⊂⇒376(1)—DEATH ON TRACK—SUICIDE.

Where plaintiff's son, walking toward defendant railroad's approaching train, when the alarm whistle was blown merely put his hands before his eyes and waited to be struck, undoubtedly desiring to be killed, as was shown by his previous conduct with another train, which stopped in time, the railroad was not liable for the death.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Martin L. Ludlow against the Yazoo & Mississippi Valley Railroad Company. From judgment dismissing the suit, plaintiff appeals. Affirmed.

Wm. H. Byrnes, Jr., and Pierre D. Olivier, both of New Orleans, for appellant.

Hunter C. Leake, Lemle & Lemle, and Arthur A. Moreno, all of New Orleans (Chas. N. Burch and H. D. Minor, both of Memphis, Tenn., of counsel), for appellee.

PROVOSTY, J. Plaintiff sues in damages for the death of his son, who was struck and killed by a train of the defendant company. The decedent, 22 years old, was walking on the track in the direction of the coming train. The engineer and the fireman saw him, but naturally supposed he would get out of the way. When this became doubtful, the emergency brakes were put on, and everything done to stop the train; but too late. The bell had just been ringing, and the whistle had just been sounded twice, and an alarm whistle was blown in full time for the young man to have gotten out of the way; but he simply put up his hands before his eyes, and awaited the on-coming locomotive. He undoubtedly wanted to be killed. A few minutes previously he would have been killed by another train on this same track, if this other train had not stopped in time; which it succeeded in doing only because it happened to be going very slowly. He had paid no attention to the bell and repeated signals of this other train, and had put up his hands before his eyes in the same way, and had gotten off the track only when the train had practically come to a stop within 30 feet of him. To a man who had walked along this track with him a few minutes before he had said that he "would rather be dead than walking this G. d. track."

The judgment dismissing the suit is affirmed, at plaintiff's cost.

DAWKINS, J., takes no part.